**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DATA COLLECTIVE II, L.P., DCVC OPPORTUNITY FUND, L.P., and DCVC MANAGEMENT CO, LLC,<br><br>       Petitioners,<br><br>v.<br><br>BARON CAPITAL MANAGEMENT INC.,<br><br>       Respondent. | Misc. Case No.  25-mc-57<br><br>Related to Civil Action No. 5:21-cv-06028-PCP, pending in the United States District Court for the Northern District of California |

**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS**

GIBSON, DUNN & CRUTCHER LLP
Mary Beth Maloney
200 Park Avenue, 47th Floor
New York, NY 10166-0193
Telephone: (212) 351-4000
MMaloney@gibsondunn.com

*Attorney for Petitioners Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*,
  2023 WL 8280973 (S.D.N.Y. Nov. 30, 2023) .................................................................... 7

*City of Almaty, Kazakhstan v. Sater*,
  2022 WL 769213 (S.D.N.Y. Feb. 24, 2022) ...................................................................... 3

*Delgado v. Donald J. Trump for President, Inc.*,
  2024 WL 3730499 (S.D.N.Y. May 13, 2024) ................................................................ 4, 5

*Delta Air Lines, Inc. v. Lightstone Grp., LLC*,
  2021 WL 2117247 (S.D.N.Y. May 24, 2021) .................................................................... 4

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*,
  284 F.R.D. 132 (S.D.N.Y. 2012) ....................................................................................... 4

*J.P. Morgan Sec. LLC v. Baron Cap. Mgmt., Inc.*,
  Case No. 1:25-mc-00022-AS, Dkt. 24 (S.D.N.Y. Jan. 23, 2025) ...................................... 7

*Jam Indus. USA, LLC v. Gibson Brands, Inc.*,
  2020 WL 4003280 (S.D.N.Y. July 15, 2020) ................................................................ 5, 6

*Kirschner v. Klemons*,
  2005 WL 1214330 (S.D.N.Y. May 19, 2005) .................................................................... 5

*Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
  2016 WL 3906712 (S.D.N.Y. July 14, 2016) .................................................................... 4

*Ohio Dep't of Ins. v. RPM Mortg., Inc.*,
  2020 WL 8513150 (S.D.N.Y. Dec. 2, 2020) ..................................................................... 6

*Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*,
  180 F. Supp. 3d 290 (S.D.N.Y. 2016) ............................................................................... 6

*Villella v. Chem. & Mining Co. of Chile Inc.*,
  2018 WL 2958361 (S.D.N.Y. June 13, 2018) ................................................................... 5

*Wultz v. Bank of China Ltd.*,
  298 F.R.D. 91 (S.D.N.Y. 2014) ......................................................................................... 6

**Statutes**

15 U.S.C. § 77k(a) ..................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................. 3, 4
Fed. R. Civ. P. 30 .................................................................................................................. 3, 6
Fed. R. Civ. P. 34 ..................................................................................................................... 3
Fed. R. Civ. P. 37 ..................................................................................................................... 7
Fed. R. Civ. P. 45 .............................................................................................................. Passim

**Other Authorities**

N.D. Cal. Civ.,
  L.R. 37-3 ........................................................................................................................ 1, 3

## INTRODUCTION

Petitioners Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC ("DCVC" or "Petitioners") seek this Court's order (I) to enforce non-party document and deposition subpoenas to respondent Baron Capital Management Inc. ("Baron" or "Respondent") or, in the alternative, (II) to transfer this matter to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f). The subpoenas seek targeted discovery from Respondent that is relevant to a securities class action pending in the United States District Court for the Northern District of California, captioned *Wang v. Zymergen Inc. et al.*, No. 5:21-cv-06028-PCP (N.D. Cal.) ("*Wang*" or the "Underlying Litigation"). Baron has been producing documents, but fact discovery closed in the Underlying Litigation on January 31, 2025, *see Wang*, No. 5:21-cv-06028-PCP, Dkt. 364, before completion of Baron's document production and before it confirmed whether and when it will appear for a deposition. The plaintiffs in the Underlying Litigation have refused to stipulate to an extension of discovery as to allow Baron to complete its document production and to allow Petitioners to depose Baron. Under the applicable rules, all remaining discovery disputes must be brought within seven (7) days of fact discovery close, by February 7, 2025. *See* N.D. Cal. Civ. L.R. 37-3. As such, Petitioners submit this motion to ensure completion of Baron's document production and to compel Baron to appear for a deposition.

## RELEVANT BACKGROUND

The Underlying Litigation concerns securities fraud claims brought by plaintiffs Biao Wang and West Palm Beach Firefighters' Pension Fund (the "*Wang* Plaintiffs") against Zymergen Inc. ("Zymergen" or the "Company"), among many other defendants, including Petitioners, in connection with the Company's initial public offering ("IPO") in April 2021. The *Wang* Plaintiffs allege that the offering documents for Zymergen's IPO were inaccurate and misleading, in part based on statements regarding the market opportunity for Zymergen's products and its projected

1

revenue.  *See* Decl. of Zaneta Kim in Supp. of Pet'rs Mot. to Compel Dep. and Produc. of Doc. (the "Kim Decl."), ¶ 4, Ex. A (the "*Wang* Complaint").  Specifically, against Petitioners, the *Wang* Plaintiffs assert control person claims under Section 15 of the Securities Act of 1933.  *See id*.

Prior to Zymergen's IPO, Baron was a significant Series D investor in the Company.  Baron was thus privy to inside information about Zymergen.  Kim Decl. ¶ 5.a.  And during all relevant times at issue in the *Wang* Complaint, Baron served as an investment manager for plaintiff West Palm Beach Firefighters' Pension Fund ("WPBFPF").  *Id*. ¶ 5.b.  Baron had the authority to, and did in fact, purchase Zymergen stock on behalf of WPBFPF following Zymergen's IPO.  *Id*.

Petitioners served document and deposition subpoenas on Baron in this District in connection with the Underlying Litigation on November 21 and December 3, 2024, respectively.[1]  Kim Decl. ¶¶ 6, 7, Exs. B (Pet'rs' Rule 45 Doc. Subpoena to Baron, dated November 21, 2024), C (Pet'rs' Rule 45 Dep. Subpoena to Baron, dated December 3, 2024).  In response to the document subpoena, Baron has produced 1,087 documents to date and has indicated that it expects to complete its document production by the end of February 2025.  *Id*. ¶¶ 9, 12, Ex. D (Letter from J. Polkes dated January 30, 2025).  In response to the deposition subpoena, Baron has taken the position that a deposition is unnecessary and has not yet provided any date in which it will appear for a deposition.[2]  *Id*. ¶¶ 10, 12, Ex. D .  To date, Baron has neither moved to quash the deposition subpoena nor definitively refused to appear for a deposition.  *Id*. ¶ 10.

Fact discovery in the underlying matter closed on January 31, 2025.  *See Wang*, No. 5:21-cv-06028-PCP, Dkt. 364.  Under the applicable rules, Petitioners are required to bring any

---

[1] Baron served its response and objections to the document subpoena on December 11, 2024; it has not served any responses and objections to the deposition subpoena to date.  Kim Decl. ¶ 8.

[2] Baron did indicate, however, that it will not object to appearing for a deposition in February on the basis that the fact discovery cutoff has passed.  *See* Kim Decl. ¶ 12, Ex. D.

2

remaining discovery dispute by February 7, 2025. *See* N.D. Cal. Civ. L.R. 37-3. In light of the remaining discovery from Baron, Petitioners attempted to stipulate to an extension of fact discovery (specifically as it relates to Baron) with the *Wang* Plaintiffs to avoid this motion. Kim Decl. ¶ 12. However, the *Wang* Plaintiffs refused.[3] *Id*. ¶ 14. As a result, despite ongoing cooperation from Baron, a court order is necessary to preserve DCVC's rights.

## ARGUMENT

### I. Baron Should Be Compelled to Fully Comply with DCVC's Subpoenas

Petitioners respectfully request the Court's intervention to compel Baron to comply with their subpoenas by (1) appearing for a deposition; and (2) completing its document production at least a week in advance of the deposition. DCVC has complied with the requirements of Federal Rule of Civil Procedure 45 by narrowly tailoring its discovery requests to seek only relevant information proportional to the needs of the Underlying Litigation, and the requests do not impose undue burden or cost on Baron. As such, DCVC's request to compel must be granted.

#### A. DCVC Is Entitled to Discovery from Baron

DCVC is unquestionably entitled to seek discovery from Baron. *See* Fed. R. Civ. P. 30(a)(1), 45, and 34(c). Under Federal Rule of Civil Procedure 45 ("Rule 45"), parties may subpoena nonparties for both documents and deposition. *See* Fed. R. Civ. P. 45(a)(1)(B)–(D); *see also City of Almaty, Kazakhstan v. Sater*, 2022 WL 769213, at *2 (S.D.N.Y. Feb. 24, 2022). And Federal Rule of Civil Procedure 26 ("Rule 26") permits discovery on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nonparties are subject to this same scope of discovery. *City of Almaty*, 2022 WL 769213, at *2 (citing *First Am. Corp.*

---

[3] Prior to fact discovery close, Petitioners informed Baron that this motion may be necessary should Plaintiffs refuse to stipulate to an extension of fact discovery as to Baron. Kim Decl. ¶ 13.

3

*v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998)).

Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26. *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). The party seeking discovery bears the initial burden of proving relevance and proportionality, and "the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3730499, at *2 (S.D.N.Y. May 13, 2024); *see also Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery."). As outlined below, *infra* §§ I.B and I.C, DCVC's subpoenas to Baron are both relevant and proportional to the needs of the Underlying Litigation, and DCVC has taken careful steps to minimize the burden of the subpoenas. Accordingly, Petitioners are entitled to discovery set forth in the subpoenas.

### B. The Subpoenas Seek Information That Is Relevant

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevance" under Rule 26 is to be "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The discovery DCVC seeks from Baron is highly relevant to the claims and defenses in *Wang*. The *Wang* Plaintiffs allege that the Company's offering documents for Zymergen's IPO contained inaccurate and misleading statements in violation of federal securities laws. During the relevant period in the *Wang* Complaint, Baron served as an investment manager for plaintiff WPBFPF, and Baron had

4

the authority to, and did in fact, purchase Zymergen stock on behalf of WPBFPF following Zymergen's IPO. Kim. Decl. ¶ 5.b. Baron was also a significant Series D investor in Zymergen and was thus privy to inside information about the Company prior to the IPO. *Id.*, ¶ 5.a. The discovery Petitioners seek from Baron concern, among others, Baron's investments in Zymergen and its knowledge about the information allegedly omitted from Zymergen's offering documents prior to the IPO.

Baron's knowledge regarding Zymergen is critical to the Underlying Litigation because all knowledge it gained about the alleged misrepresentations is imputed to WPBFPF (and any other class members for whom Baron served as the investment manager). *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *4-5, 8 (S.D.N.Y. June 13, 2018) (granting discovery from investment advisor because advisor's knowledge may be imputed to plaintiff). And if Baron—and thus WPBFPF—knew, prior to the IPO, about the information allegedly omitted from the offering documents, then WPBFPF's claims would be barred. *See, e.g.*, 15 U.S.C. § 77k(a) (a person may not sue if "it is proved that at the time of such acquisition he knew of such untruth or omission"). Moreover, as one of the largest purchasers of Zymergen stock in the IPO, *see* Kim Decl. ¶ 5.c, it is likely that Baron also purchased Zymergen stock on behalf of other potential class members. The claims by any such class members would similarly be barred, but DCVC cannot identify these class members without discovery from Baron.

### C. The Subpoenas Do Not Impose an Undue Burden on Baron

Baron has the burden of showing that compliance with the subpoenas would impose an undue burden or cost, *Delgado*, 2024 WL 3730499, at *2, and "inconvenience alone" will not relieve it of its obligations under Rule 45. *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020). If Baron asserts that the subpoenas present an undue burden, it must provide "specific information regarding the manner and extent of the burden and the injurious

5

consequences of insisting upon compliance." *Kirschner v. Klemons*, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005). "[C]onclusory assertion[s]" regarding burden will not suffice. *Jam Indus.*, 2020 WL 4003280, at *4.

As a preliminary matter, Baron has neither sought to quash the deposition subpoena nor definitively refused to sit for a deposition to date. Kim Decl. ¶ 10. Instead, Baron has indicated that a deposition is unnecessary and, despite Petitioners' repeated requests, has not yet provided any date on which it will appear for a deposition. *See id*. But for reasons stated above *supra* § II.B, information DCVC seeks in Baron's deposition testimony is highly relevant to the claims in the Underlying Litigation and thus necessary.

Moreover, compelling Baron to appear for a deposition does not impose an undue burden on Baron. DCVC noticed the deposition to be held in New York, where Baron is based, and the topics of the deposition are limited to the exact topics of the documents subpoena that Baron has already agreed to comply with. *See id*. ¶ 7, Ex. C. "Certainly[,] the obligation for sitting for a deposition is not, in and of itself, burdensome." *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016) (denying motion to quash subpoena to foreign national); *see also* Fed. R. Civ. P. 45(a)(1)(A)(iii) (providing that nonparty subpoena may command responding party to "attend and testify"), 30(a)(1) ("A party may, by oral questions, depose *any* person, including a party, without leave of court" (emphasis added)); *Wultz v. Bank of China Ltd.*, 298 F.R.D. 91, 99 (S.D.N.Y. 2014) (denying motion to quash and finding no undue burden even where nonparty's designated representative resided in Israel); *Ohio Dep't of Ins. v. RPM Mortg., Inc.*, 2020 WL 8513150, at *3 (S.D.N.Y. Dec. 2, 2020) (denying motion to quash deposition subpoena because responding party failed to "identify anything especially burdensome about the deposition").

As to the document subpoena, after several rounds of meet-and-confer calls and email exchanges, Petitioners and Baron have agreed to the scope of documents production. Kim Decl. ¶ 9. Indeed, Baron has indicated that it expects to complete its document production by the end of this month. *See id*. ¶¶ 9, 12, Ex. D. There is no undue burden by compelling Baron to complete its production of documents in the next two weeks.

### II.     Alternatively, This Dispute Should Be Transferred to the *Wang* Court

DCVC brings this motion in the Southern District of New York as it is the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). However, it is appropriate to transfer this motion to the *Wang* court under Rule 45(f). *See, e.g., J.P. Morgan Sec. LLC v. Baron Cap. Mgmt., Inc.*, Case No. 1:25-mc-00022-AS, Dkt. 24 (S.D.N.Y. Jan. 23, 2025) (granting transfer because, *inter alia*, "[t]he Court sees no reason to involve itself in a complex, years-long litigation that another court is actively overseeing, especially when that other court has crucial background knowledge about the case that this Court does not"); *Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, 2023 WL 8280973, at *1 (S.D.N.Y. Nov. 30, 2023) (granting transfer because, *inter alia*, the issuing court "establish[ed] and modif[ied] a discovery schedule" and "has ruled on several discovery motions that are pertinent to the disputed subpoenas"). As such, as an alternative to this Court's order compelling Baron to comply with the subpoenas, Petitioners request a transfer of this motion to the court in which the Underlying Litigation is pending.

### CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court compel Baron to complete its document production by **February 21, 2025,** and appear for a deposition by

**February 28, 2025**.  In the alternative, Petitioners request a transfer of this matter to the *Wang* court pursuant to Federal Rule of Civil Procedure 45(f).

Dated:   February 7, 2025                                   Respectfully submitted,

                                                                                GIBSON, DUNN & CRUTCHER LLP

                                                                                By:   */s/ Mary Beth Maloney*
                                                                                         Mary Beth Maloney
                                                                                         200 Park Avenue, 47th Floor
                                                                                         New York, NY 10166-0193
                                                                                         Telephone: (212) 351-4000
                                                                                         MMaloney@gibsondunn.com

                                                                                         *Attorney for Petitioners Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*

8

## **WORD COUNT CERTIFICATION**

The undersigned hereby certifies that, pursuant to Local Rule 7.1, this Memorandum of Law in Support of Petitioner's Motion to Compel Deposition and Production of Documents contains 2,350 words, counted using Microsoft Word's word count feature.

Dated: New York, New York
   February 7, 2025

        GIBSON, DUNN & CRUTCHER LLP

        By: */s/ Mary Beth Maloney*
          Mary Beth Maloney
           200 Park Avenue, 47th Floor
           New York, NY 10166-0193
           Telephone: (212) 351-4000
           MMaloney@gibsondunn.com

          *Attorney for Petitioners Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC*