UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DATA COLLECTIVE II, L.P., DCVC OPPORTUNITY FUND, L.P., and DCVC MANAGEMENT CO, LLC,<br><br>Petitioners,<br><br>v.<br><br>BARON CAPITAL MANAGEMENT INC.,<br><br>Respondent. | Misc. Case No. 25-mc-57<br><br>Related to Civil Action No. 5:21-cv-06028-PCP, pending in the United States District Court for the Northern District of California |

### DECLARATION OF ZANETA J. KIM IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS

I, Zaneta J. Kim, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I make this Declaration in support of Petitioners' Motion to Compel Deposition and Production of Documents. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could competently testify thereto.

2. I am an attorney duly licensed to practice law before all courts of the State of California. I am an Associate with the law firm of Gibson, Dunn & Crutcher LLP and one of the attorneys representing Petitioners Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC ("DCVC" or "Petitioners") in *Wang v. Zymergen Inc. et al.*, No. 5:21-cv-06028-PCP (N.D. Cal.) ("*Wang*" or the "Underlying Litigation").

3. The Underlying Litigation concerns securities fraud claims brought by plaintiffs Biao Wang and West Palm Beach Firefighters' Pension Fund (the "*Wang* Plaintiffs")

1

against Zymergen Inc., ("Zymergen" or the "Company"), among many others, including Petitioners, in connection with the Company's initial public offering ("IPO") in April 2021.

4.   The *Wang* Plaintiffs allege that the offering documents for Zymergen's IPO was inaccurate and misleading, in part based on statements regarding the market opportunity for Zymergen's products and its projected revenue. The *Wang* Plaintiffs assert control person claims under Section 15 of the Securities Act of 1933 against Petitioners. Attached hereto as **Exhibit A** is a true and correct copy of the *Wang* Plaintiffs' Second Amended Complaint in *Wang v. Zymergen Inc. et al.*, No. 5:21-cv-06028-PCP (N.D. Cal.), Dkt. 321, dated March 4, 2024 (the "*Wang* Complaint").

5.   Based on documents produced in the Underlying Litigation, I am aware of the following facts regarding Baron Capital Management Inc. ("Baron" or "Respondent"):

   a.   Baron was a significant Series D investor in the Company and was thus privy to Zymergen's inside information.

   b.   During all relevant times at issue in the *Wang* Complaint, Baron served as an investment manager for plaintiff West Palm Beach Firefighters' Pension Fund ("WPBFPF"). As such, Baron had the authority to, and did in fact, purchase Zymergen stock on behalf of WPBFPF following Zymergen's IPO.

   c.   Baron was one of the largest purchasers of Zymergen stock in the IPO.

6.   Petitioners served a document subpoena on Baron in this District in connection with the Underlying Litigation on November 21, 2024. Attached hereto as **Exhibit B** is Petitioners' Rule 45 Documents Subpoena to Baron Capital Management Inc., dated November 21, 2024.

7.      Petitioners served a deposition subpoena on Baron in this District in connection with the Underlying Litigation on December 3, 2024.  Attached hereto as **Exhibit C** is Petitioners' Rule 45 Deposition Subpoena to Baron Capital Management Inc., dated December 3, 2024.

8.      Baron served its response and objections to the document subpoena on December 11, 2024; it did not serve any responses and objection to the deposition subpoena to date.

9.      With respect to the document subpoena, Petitioners and Baron have agreed to the scope of document production after several rounds of meet-and-confer calls and email exchanges.  Baron has produced 1,087 documents to date and has indicated that it expects to complete its document production by the end of February 2025.

10.     In response to the deposition subpoena, Baron has taken the position that a deposition is unnecessary and has not yet provided any date in which it will appear for a deposition.  To date, Baron has neither moved to quash the deposition subpoena nor definitively refused to appear for a deposition.

11.     Fact discovery closed in the Underlying Litigation on January 31, 2025.

12.     Prior to fact discovery close, Petitioners reached out to the *Wang* Plaintiffs and attempted to stipulate to an extension of fact discovery (specifically as to Baron) in light of the remaining discovery from Baron and Baron's letter agreeing to not oppose any discovery on the basis that fact discovery has closed.  Attached here to as **Exhibit D** is a true and correct copy of a letter from Baron's counsel, Jonathan Polkes, dated January 30, 2025.

13. Also prior to fact discovery close, Petitioners informed Baron that Petitioners may need to file a motion to compel against Baron should the *Wang* Plaintiffs refuse to stipulate to an extension of fact discovery as to Baron.

14. The *Wang* Plaintiffs refused to stipulate to an extension of fact discovery (specifically as to Baron).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of February, 2025, at Orinda, California.

_____
Zaneta J. Kim

## ECF ATTESTATION

I, Mary Beth Maloney, hereby attest pursuant to Section 8 of the S.D.N.Y. Electronic Case Filing Rules that the concurrence in filing of this document has been obtained by the above signatory.

Dated: February 7, 2025

*/s/ Mary Beth Maloney*
Mary Beth Maloney