UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
            :
DATA COLLECTIVE II, L.P., et al.,    :
            :
        Petitioners,    :    25-MC-00057 (JAV)
            :    <u>OPINION AND ORDER</u>
    -v-    :
            :
BARON CAPITAL MANAGEMENT INC.,    :
            :
        Respondent.    :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Petitioners Data Collective II, L.P., DCVC Opportunity Fund, L.P., and DCVC Management Co, LLC (collectively, "DCVC" or "Petitioners") commenced this action on February 7, 2025, to enforce two third party subpoenas served upon Baron Capital Management Inc. ("Baron" or "Respondent"). DCVC are defendants in a securities class action pending in the United States District Court for the Northern District of California, *Wang v. Zymergen Inc. et al.*, No. 5:21-cv-06028 PCP (N.D. Cal.) ("*Wang*" or the "Underlying Litigation").

The motion to enforce the subpoenas is DENIED AS MOOT. Respondent's request for attorney's fees and costs is DENIED.

## PROCEDURAL HISTORY

Petitioners served a subpoena *duces tecum* on Baron on November 21, 2024. Petitioners served a second Rule 45 subpoena seeking testimony from Baron on December 3, 2024. Declaration of Zaneta J. Kim (ECF No. 3) ¶¶ 6, 7, Exs. B, C.

Baron began producing responsive documents on a rolling basis, indicating that it would complete its document production by the end of February 2025. *Id.* ¶¶ 9, 12, Ex. D. Although Baron took no steps to move to quash the testimonial subpoena or object to it, it did not provide a date for the deposition before Petitioners commenced the instant proceeding. *Id.* ¶¶ 8, 10, 12.

Fact discovery in the Underlying Litigation closed on January 31, 2025. Memorandum of Law in Support of Motion to Compel Deposition and Production of Documents (ECF No. 2) at 1. Pursuant to the Local Civil Rule governing the Underlying Litigation, motions related to fact discovery disputes must be brought within seven days of the close of fact discovery. N.D. Cal. Civ. L.R. 37-3. To preserve their rights, Petitioners therefore brought this motion to enforce the subpoenas in the Southern District of New York, the District where Baron is located. Petitioners sought an order compelling Baron to comply with the subpoenas, or alternatively, for the dispute to be transferred to the Northern District of California pursuant to Rule 45(f).

Soon after the motion was filed, the parties jointly filed a letter seeking an extension of the deadline to respond on the grounds that Baron intended to fully comply with the subpoenas, thereby rendering this action moot. ECF No. 13. The Court granted an extension to March 13, 2025. ECF No. 14. On March 11, the parties again sought an extension of the briefing schedule. Their joint submission indicated that Baron's document production was complete, and that the parties were conferring regarding the requested deposition. ECF No. 15. Petitioners

affirmed that they would withdraw the motion once the deposition was completed. *Id.* The Court again extended Baron's time to respond, this time until April 14, 2025. ECF No. 17.

Unbeknownst to the Court or to Baron, however, on March 6, 2025—five days before submitting the extension letter to the Court—Judge P. Casey Pitts, the district court judge presiding over the *Wang* case, heard argument on DCVC's motion for an extension of the fact discovery deadline to permit them to take Baron's deposition. At the conclusion of the argument, the district court denied the motion on grounds of untimeliness and prejudice and held that the deposition could not go forward. ECF No. 20-1. The district court indicated that the motion could be renewed if Baron and the plaintiffs in the *Wang* case reached a stipulation regarding reciprocal discovery. *Id.*

Notably, DCVC failed to mention this development to this Court in its March 11 letter, nor did it inform Baron. Baron appears to have learned of the ruling by checking the docket in the *Wang* case, and then requesting a copy of the transcript from Petitioners. ECF No. 20-2 at 1.

On March 27, 2025, notwithstanding the ruling from the district court in the Northern District of California, DCVC wrote to Baron's counsel that they wished to "circle back on Baron Capital's deposition." ECF No. 20-3 at 2. The email continued: "We believe Baron Capital has information that is critical to our defense, and, as such, we intend to continue fighting for this deposition to take place. That said, we'd still very much prefer to file a stipulation in the underlying

matter instead of seeing through our motion to compel filed against Baron in SDNY." *Id.*

Baron responded later that same day, informing Petitioners that they intended to "advise Judge Vargas in our opposition brief of the stunning fact that you did not disclose to us . . . and that you have not disclosed to her: Judge Pitts in the underlying action issued an order prohibiting the very deposition that you are trying to have Judge Vargas compel. . . . But you appear to be affirmatively misleading Judge Vargas and proceeding in contempt of Judge Pitts. What is clear is that your motion is moot, pursuing it in light of this history and Judge Pitts' order would constitute bad faith, and that it must be withdrawn immediately. We will not consent to any further adjournments of the date of the opposition brief and we reserve our right to seek costs in connection with this motion practice." *Id.* at 1-2.

A few days later, on April 2, Petitioners wrote to the Court with an "update" on the status of the *Wang* case. ECF No. 18. Petitioners finally disclosed to this Court the March 6 ruling made by Judge Pitts. *Id.* at 1. Petitioners indicated that they were withdrawing their motion for enforcement of the subpoena *duces tecum*, but that they continued to seek the transfer of the testimonial subpoena to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f), as "the *Wang* Court is actively managing this dispute, and that the deposition cannot proceed without that Court's permission." *Id.* at 2.

On April 14, Baron filed its opposition to the motion to compel. Baron contends that the motion to compel compliance with the subpoenas should have been withdrawn as moot. ECF No. 19 at 5. Baron also argues that Petitioners had not satisfied the standard for a transfer under Rule 45(f). Finally, Baron requests attorney's fees and costs pursuant to Rule 37(a)(5)(B).

On April 11, DCVC filed a motion for reconsideration of Judge Pitts' decision denying them leave to take Baron's deposition. The motion for reconsideration was denied on April 16. That same day, Petitioners wrote to the Court, stating that in light of the denial of its reconsideration motion, they were withdrawing the motion as moot. ECF No. 21. Petitioners disputed that an award of fees and costs would be appropriate under Rule 37(a)(5)(B), arguing that they were required to file the motion in light of Baron's failure to timely comply with the subpoenas. *Id.*

## DISCUSSION

In light of Petitioners' withdrawal of their motion to enforce the subpoenas, and the parties' agreement that the dispute regarding the subpoenas is now moot, the only issue remaining before this Court is Respondent's motion for attorney's fees and costs pursuant to Rule 37(a)(5)(B). Although Petitioners' counsel's failure to promptly apprise the Court of the developments in the Underlying Litigation is troubling, the Court nonetheless finds that an award of costs and attorney's fees is not warranted.

When a motion to compel discovery under Rule 37 is denied, Rule 37(a)(5)(B) requires courts to award the party opposing the motion "its reasonable expenses . . .

5

including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." A motion to compel is substantially justified within the meaning of Rule 37(a)(5) if there is "a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pegoraro v. Marrero*, No. 10 Civ. 00051 (AJN) (KNF), 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (cleaned up).

Rule 37, however, is inapplicable to this case. Petitioners brought a motion to enforce third party subpoenas pursuant to Rule 45. "The majority of courts in this Circuit that have analyzed whether motions to compel compliance with a non-party subpoena under Rule 45 may be brought under the auspices of Rule 37 have answered that question in the negative because Rule 37 applies to a party's failure to comply with a discovery order, while Rule 45 addresses a non-party's failure to comply with a discovery subpoena." *Madigan v. Bronstein*, No. 18 MC 61, 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018) (citing cases). Rule 45 provides its own set of mechanisms for enforcement. Specifically, Rule 45(g) provides that failure to comply with the terms of a subpoena can result in contempt. *In re Markus*, 78 F.4th 554, 566 (2d Cir. 2023) ("[U]nlike Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, Rule 45 has no self-contained enforcement mechanism and relies instead on a district court's inherent contempt authority to enforce compliance.").

For that reason, "the majority of district courts in the Circuit have found that Rule 37 cannot support sanctions for a non-party's failure to comply with a Rule 45 subpoena." *In re Dunne*, No. 3:17-CV-1399 (MPS), 2018 WL 4654698, at *8 (D.

Conn. Sept. 27, 2018) (citing cases); *see also Mazzocchi v. Windsor Owners Corp.*, No. 11 CIV. 7913 (AT), 2014 WL 594085, at *1 (S.D.N.Y. Feb. 11, 2014) ("Rule 37, however, applies only to a party to an action. . . . By contrast, Federal Rule of Civil Procedure 45 governs disclosure or discovery from a non-party by way of subpoena, and provides for sanctions where a non-party fails to comply.").

While Rule 37(a)(5) may be inapplicable, Rule 45 does impose its own set of obligations on parties and their counsel who serve subpoenas on third parties. Pursuant to Rule 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The failure to abide by this requirement exposes the party or attorney to "an appropriate sanction—which may include lost earnings and reasonable attorney's fees." Fed. R. Civ. P. 45(d)(1).

"Before imposing sanctions under Rule 45(d)(1), a court must conduct a two-part inquiry to determine: (1) whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and (2) if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." *Saint-Jean v. Emigrant Mortg. Co.*, No. 11-CV-2122 (SJ), 2015 WL 13735434, at *3 (E.D.N.Y. Oct. 7, 2015) (citation omitted).

Applying that test here, there has been no argument presented that the subpoenas by their terms imposed an undue burden or expense on Respondent. Rather, the only arguments advanced by Respondent is that this miscellaneous action should not have been commenced in the first place because Baron was in the

process of complying with the subpoenas when this motion was brought, and that the subpoenas should have been withdrawn once the *Wang* Court denied the motion for an extension of time. *See, e.g.*, *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003) ("Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash.").

With respect to the commencement of this action, the Court does not find Petitioners actions to be unjustified. At the time they brought this motion, Baron had not completed its document production and had not yet scheduled a date for a deposition. The deadline for fact discovery in the Underlying Litigation had just passed, and the governing local rule indicated that the deadline for raising any dispute related to fact discovery was seven days following the fact discovery deadline. Under these facts, it was reasonable for Petitioners to conclude that, if they failed to file a motion when they did, they would have been precluded from seeking further enforcement of the subpoenas. Moreover, Petitioners did take steps to relieve Respondent of incurring any additional expenses related to this motion, agreeing to extend the deadline for Baron to file opposition papers to the motion while production of documents and negotiations regarding the deposition date were ongoing.

The Court next turns to Petitioners' delay in withdrawing the subpoenas following the March 6 ruling in the Underlying Litigation. Although Petitioners

should have promptly informed the Court and Respondent of Judge Pitts' March 6 ruling, their failure to do so did not ultimately affect the outcome of this matter or the expenses incurred by Respondent. The record indicates that, up until April 16, Petitioners were still exploring the options remaining to them for the taking of Baron's deposition. This included attempting to reach an agreement with the plaintiffs in the Underlying Litigation and the filing of a motion for reconsideration. Under those facts, it was not unreasonable for Petitioners to wait until the motion for reconsideration had been decided before withdrawing the testimonial subpoena.

## CONCLUSION

Accordingly, the Motion to Enforce the Subpoenas is DENIED AS MOOT. Respondent's motion for costs and fees is DENIED. The Clerk of Court is directed to close this case and terminate all pending motions.

SO ORDERED.

Dated: May 13, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge